IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SUSAN GAIL SWEDA, | : | Case No. 2:11-cv-1143 |
| | : | |
| Plaintiff, | : | |
| | : | Judge Smith |
| v. | : | |
| | : | |
| LICKING MEMORIAL HEALTH | : | Magistrate Judge Deavers |
| SYSTEMS, *et al.*, | : | |
| | : | |
| Defendants | : | |

### STIPULATION AND PROTECTIVE ORDER
### GOVERNING PRETRIAL DISCOVERY

The parties are engaged in discovery proceedings pursuant to the Federal Rules of Civil Procedure. The parties have been requested to produce certain documents, some of which contain confidential personal, financial, and/or medical information. In order to expedite the discovery of this information, the parties agree and this Court orders as follows:

1. Counsel for any party may designate a document or other recorded information as "confidential." Any document or other recorded information so designated shall be marked as such and from the time of its designation shall be subject to the terms of this Order. Any dispute concerning the improper designation of documents as "confidential" shall, when possible, be resolved by agreement. If not, any party may seek further orders of this Court, upon application of the party opposing the designation. The burden to show that a document is properly confidential shall remain on the party seeking protection of the document.

2. All confidential information, and information derived therefrom, shall not be used for any purpose whatsoever other than the preparation for trial, and trial, of this case. Any such use shall be subject to the following terms, conditions and restrictions:

1

(A) Information produced by a Party which is marked "confidential" shall not be disclosed, discussed with, or used by anyone, except:

1. Attorneys of record for the Parties, including employees of any law firm appearing of record in this action who are engaged in this litigation;

2. Independent experts consulted by any party for purposes of assisting the parties and/or their attorneys in preparation and/or presentation of the claims or defenses in this case;

3. Any person who has prepared or assisted in the preparation of any particular document produced, had prior access to the document, was responsible for authorizing standards, procedures, guidelines or events reflected in the documents, or was responsible for the custody, care and/or distribution of the documents produced; and

4. The parties.

(B) The person(s) to whom disclosure of confidential information is made shall first be advised of the terms of this Order and shall consent to being bound thereby by signing an acknowledgment in the form of Appendix A.

(C) If, during the course of any deposition upon oral examination, counsel for any party uses as an exhibit any document marked "confidential," the court reporter shall keep the exhibit separate; all confidential deposition exhibits shall be bound and, if filed with the Court, the exhibits will be filed under seal. Any portion of a deposition transcript during which a witness is questioned about the contents of a confidential exhibit used in the deposition shall be filed separately under seal.

3. No confidential documents shall be filed with the Court (except under seal in an envelope marked with the caption of the case, a list of contents, and the following notation: "Contains Confidential Information; to be opened only by or as directed by the Court") during pretrial proceedings or discovery disputes, unless otherwise ordered by the Court. Nothing in this order

2

will prevent any party from using information that the party reasonably believes is relevant to any matter presented to the Court at trial or in a hearing with the Court.

4. The terms and conditions of this Order shall remain in full force and effect during any appeal taken by any party.

5. Upon the termination of this litigation by settlement or final adjudication through the conclusion of all appeals, counsel for the party that has been provided confidential information shall upon request return to counsel for the producing party or destroy all copies of said confidential information and any copies, extracts or summaries thereof, or documents containing information taken therefrom, but excluding any materials which, in the judgment of counsel, are work product materials. Confidential information contained in any work product materials retained by counsel after termination of this action shall not be disclosed to any person.

6. Nothing in this Order shall prevent or control the introduction of evidence which may include documents designated as confidential or information derived therefrom at trial or an open hearing with this Court in this matter. If a party opposes use of a confidential document at trial, the party opposing its use must file a motion with the court stating the grounds for exclusion or for limiting use of the documents, to which the party seeking to admit the document shall have at least five (5) days to respond. The court, at its discretion, may hold an *in-camera* hearing regarding the motion.

7. In the event that it becomes necessary in the judgment of counsel for any party to use or disclose confidential information other than as permitted above, such use or disclosure may only be made upon written stipulation of the parties or upon further order of this Court.

8. Per authority of *Procter &Gamble Co.v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996), no document may be filed with the Court under seal without prior permission as to each such

filing, upon motion and for good cause shown, including the legal basis for filing under seal.

This Protective Order does not authorize filing under seal.

~~Magistrate Judge Deavers~~

N. M. KING, US M JUDGE
10/18/2012

Approved:

/s/Jeffrey P. Vardaro
Frederick M. Gittes (0031444)
fgittes@gitteslaw.com
Jeffrey P. Vardaro (0081819)
jvardaro@gitteslaw.com
The Gittes Law Group
723 Oak St.
Columbus, OH 43205
(614) 222-4735/Fax: (614) 221-9655
Attorneys for Plaintiff Susan Gail Sweda

/s/Christopher R. Meyer
(per e-mail authority)
Christopher R. Meyer (0011419)
cmeyer@rpdm.com
J. Andrew Crawford (0037437)
acrawford@rpdm.com
Reese, Pyle, Drake & Meyer, P.L.L.
36 North Second Street, P.O. Box 919
Newark, Ohio 43058-0919
(740) 345-3431/Fax: (740) 345-7302
Attorneys for Defendants

4

## Appendix A

<u>ACKNOWLEDGMENT OF CONFIDENTIALITY</u>

I, _____, acknowledge that I have read the Stipulation and Protective Order Governing Pretrial Discovery in *Sweda v. Licking Memorial Health Systems, et al.*, U.S. District Court, Southern District of Ohio, Eastern Division, Case No. 2:11-cv-1143, before having access to information deemed confidential under the Order. I consent to be bound by the Stipulated Protective Order.

_____
(Signature)

_____
(Date)